FILED

JUL 12 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BEIJING ZHONGYI ZHONGBIAO ELECTRONIC INFORMATION TECHNOLOGY CO. LTD.,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant - Appellee. | No. 13-36102<br><br>D.C. No. 2:13-cv-01300-MJP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Senior District Judge, Presiding

Argued and Submitted June 8, 2016
Seattle, Washington

Before: PAEZ, BYBEE, and CHRISTEN, Circuit Judges.

Beijing Zhongyi Zhongbiao Electronic Information Technology Co. Ltd.

("Zhongyi") sued Microsoft Corporation ("Microsoft") alleging copyright

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

infringement. The district court dismissed the complaint and Zhongyi appeals. We have jurisdiction, 28 U.S.C. § 1291, and affirm.

Zhongyi argues that the district court erred by finding that the license agreement between Zhongyi and Microsoft included a license to use Zhongyi's fonts in operating systems released after Windows 95. We disagree. The agreement's terms granted Microsoft a "perpetual" license to use the fonts in "any" Microsoft software product.

Nor did the district court err by refusing to look to memoranda of understanding between Microsoft and the Chinese government as extrinsic evidence of a limitation on these broad contract terms. Washington law does not permit a contracting party to use extrinsic evidence to add a new extra-contractual limitation to a contract. *See Hearst Commc'ns, Inc. v. Seattle Times Co.*, 115 P.3d 262, 267 (Wash. 2005) (en banc).

Zhongyi also argues that the district court erred by failing to grant Zhongyi leave to amend to assert that the Chinese-language versions of the memoranda of understanding between the Chinese government and Microsoft more clearly showed Zhongyi and Microsoft's intent to limit the license's scope to Windows 95. But this amendment would be futile because, as discussed above, the district court was correct to not look to the memoranda as extrinsic evidence of an extra-

contractual limitation on the contract's terms.  Regardless, Zhongyi identifies only a single, insignificant translation discrepancy in one of the two memoranda.

Finally, Zhongyi seeks leave to amend to assert that, under Chinese law, the license agreement required Chinese governmental approval, and the memoranda showed that the Chinese government only approved a license for Windows 95. Even assuming that Washington would refuse to enforce a contract that violates Chinese law, and that Zhongyi has standing to raise this argument, leave to amend would be futile because neither memorandum actually limited the scope of future licensing to Windows 95.[1]

**AFFIRMED.**

---

[1]    In its briefing, Zhongyi sought leave to amend to assert a reformation claim.  Zhongyi also sought a ruling that Microsoft was collaterally estopped from asserting its non-infringement argument and its broad reading of the license agreement due to a Chinese court's contrary findings in a parallel proceeding. Counsel explicitly waived these arguments at oral argument.